UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: HOLLIS LEVAINE LINDSEY  CASE NO. 05-13961-DWH

HENRY J. APPLEWHITE, TRUSTEE  PLAINTIFF

VERSUS  ADV. PROC. NO. 05-1234-DWH

HOLLIS LEVAINE LINDSEY,
LEARY M. LINDSEY AND
SUE A. GARRETT  DEFENDANTS

OPINION

On consideration before the court is a motion for summary judgment filed by the Chapter 7 Trustee, Henry J. Applewhite, ("trustee"); a response to said motion having been filed by the defendants, Leary M. Lindsey and Sue A. Garrett; the defendant, Hollis Levaine Lindsey ("debtor"), having filed no response; and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter and parties to this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (H), and (O).

II.

On June 10, 2005, the debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 05-13961. The trustee filed a complaint for declaratory judgment and to compel turnover of property asserting that the debtor fraudulently transferred

certain funds from a joint savings account. Thereafter, following limited discovery, the trustee filed the subject motion for summary judgment.

The debtor was a joint owner of a savings account, number 4005716, located at Farmers and Merchants Bank in Baldwyn, Mississippi. The account was originally opened on June 19, 1987, by the debtor, his brother, Leary M. Lindsey, and his niece, Lisa M. Lindsey. Lisa Lindsey's name was removed from the account on November 2, 1994, following her death. The account was titled "Lisa M. Lindsey or Leary M. Lindsey or Hollis L. Lindsey." The debtor's sister, Sue A. Garrett, was listed as an account signatory, but she apparently was never a joint owner. On April 16, 2005, the debtor voluntarily removed his name from the account. At the time that he did this, the account had a balance of $58,990.94. On May 6, 2005, slightly more than a month before the debtor's bankruptcy filing, Leary Lindsey withdrew $59,005.77 from the account, and it was closed.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of

material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofanov, 69 F.3d 59, 61 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

The court mentioned previously that the account was established in the names of Lisa M. Lindsey or Leary M. Lindsey or Hollis L. Lindsey. There were apparently no restrictions on the withdrawal of funds from the account. These were the owners of the account until Lisa Lindsey's name was removed in 1994. At that point Leary Lindsey and Hollis Lindsey became the only joint owners. The fact that Sue Garrett was a signatory on the account is of no consequence insofar as the court's decision on the motion for summary judgment is concerned. She has never been a joint owner and, indeed, there is no indication that she received any of the proceeds drawn from the account.

The trustee asserts that, pursuant to §548(a) of the Bankruptcy Code, he has the right to recover a debtor's interest in property that the debtor has fraudulently transferred. Ordinarily, the trustee would be correct. However, there are serious unanswered questions that must be

3

considered. The first is whether Leary Lindsey, as one of the two joint account owners, had an absolute unrestricted legal right to withdraw all of the proceeds from the account at any time. If this question is answered in the affirmative, this proceeding is over and the trustee's complaint must be dismissed. The parties to this proceeding have not yet fully addressed all of the ramifications of this issue.

If the first question is answered in the negative, then the second question focuses on what portion of the account, if any, was actually owned by the debtor, Hollis Lindsey, and is potentially subject to the trustee's avoiding power.

The trustee has argued that parole evidence is not admissible in this proceeding because the title of the account is unambiguous. While this proposition is correct, (the account is clearly a joint account owned by Leary Lindsey or [not and] Hollis Lindsey), the account title is not the driving issue in this matter. If Leary Lindsey did not have the right to completely "sweep" the account, then that portion of the account, the ownership of which is attributable to Hollis Lindsey, may well be recoverable by the trustee for the benefit of this bankruptcy estate.

In Delta Fertilizer, Inc. v. Weaver, 547 So. 2d 800 (Miss. 1989), the Mississippi Supreme Court considered the ownership of joint accounts and the differing views on garnishing joint accounts. The Court adopted the theory that "the joint account should be garnishable only in proportion to the debtor's ownership of the funds, as to which parol evidence is admissible to show the respective contributions of each depositor...." Id. at 803.

As such, this court is of the opinion that parol evidence may be admissible to identify the contributions to the subject savings account. Leary Lindsey, in his response to the motion for

4

summary judgment, has asserted that he made all the contributions to the account, and that the proceeds were being held in trust for his mother. This is certainly a genuine issue of material fact that remains in dispute.

V.

Because of the two questions posed by the court and the disputed factual issue which relates to the second question, a determination cannot be made that the trustee is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment shall be overruled by a separate order to be entered contemporaneously herewith.

This the 13th day of September, 2006.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE